UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BRIDGET G.,
   o/b/o H. W. T.,

                Plaintiff,

v.                                                                            8:20-CV-1202
                                                                           (ML)

COMMISSIONER OF SOCIAL
SECURITY[1],

                Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

COLLINS & HASSELER, PLLC                 LAWRENCE D. HASSELER, ESQ.
   Counsel for the Plaintiff
225 State Street
Carthage, New York 13619

SOCIAL SECURITY ADMINISTRATION       AMELIA STEWART, ESQ.
   Counsel for the Defendant                     Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

      Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[2] Oral argument was heard

---

[1]     Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted as Defendant here pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to modify the docket accordingly.

[2]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under

in connection with those motions on March 24, 2022, during a telephone conference conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is DENIED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 13) is GRANTED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4) Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: March 25, 2022
      Binghamton, New York

*[signature: Miroslav Lovric]*

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

---

that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------x
BRIDGET G.,

                         Plaintiff,

vs.                       8:20-CV-1202

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
----------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on March 24, 2022, the HONORABLE MIROSLAV LOVRIC, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

```
For Plaintiff:      COLLINS & HASSELER, PLLC
                    Attorneys at Law
                    225 State Street
                    Carthage, New York  13619
                      BY:  LAWRENCE D. HASSELER, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of General Counsel
                    J.F.K. Federal Building
                    Room 625
                    Boston, Massachusetts  02203
                      BY:  AMELIA STEWART, ESQ.
```

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1            (The Court and all counsel present by
2                 telephone.)
3            THE COURT:  All right.  Thank you, Mr. Hasseler.
4    All right.  The Court begins by indicating that in this case,
5    the plaintiff, on behalf of her minor son who is referred to
6    as the claimant, has commenced this proceeding pursuant to 42
7    U.S. Code Section 405(g) to challenge the adverse
8    determination by the Commissioner of Social Security finding
9    that claimant was not disabled at the relevant times and
10   therefore ineligible for benefits that were sought.
11           By way of background, the Court sets forth the
12   following:  Claimant was born in 2010, he is currently
13   approximately 11 years of age.  He was two years old at the
14   alleged onset of this disability on January 1st of 2013.  And
15   I should say that is a typo in my order, I believe that
16   should be 12 years old at the alleged onset of his
17   disability.  And I'm just looking to make sure that's ... I
18   stand corrected.  That's the correct math, I apologize.  The
19   alleged onset of the disability is January 1st of 2013.
20   Sorry about that, folks.  So it is correct as I just
21   indicated at the initial reading of that portion.  Claimant
22   lives with plaintiff and does not have any siblings.
23   Claimant is attending public school in regular and special
24   education classes.  The claimant suffers from attention
25   deficit hyperactivity disorder, also referred to as ADHD,

1  adjustment disorder, and oppositional defiant disorder.
2  Claimant is prescribed Adderall.  Claimant's activities of
3  daily living include riding his bicycle, playing with friends
4  in the neighborhood, playing video games, playing with Legos,
5  bathing on his own with reminders from plaintiff, brushing
6  his teeth, washing his face, and picking out his own clothes.
7           Procedurally, the Court sets forth the following
8  history in this case:  Plaintiff applied for Title XVI
9  benefits on June 1st of 2017, alleging an onset date of
10 January 1st of 2013.  In support of the claim for disability
11 benefits, plaintiff claimed claimant's disabling illnesses,
12 injuries, or conditions were ADHD and a learning disorder.
13 Administrative Law Judge Michael D. Burrichter conducted a
14 hearing on May 16th, 2019 to address plaintiff's application
15 for benefits.  ALJ Burrichter issued an unfavorable decision
16 on June 11th of 2019.  That became a final determination of
17 the agency on July 27th of 2020 when the Social Security
18 Administration Appeals Council denied plaintiff's application
19 for review.  This action was commenced on September 30th of
20 2020, and it is timely.
21          In his decision, ALJ Burrichter applied the
22 three-step sequential evaluation to determine whether
23 claimant, an individual under the age of 18, is disabled
24 pursuant to 20 C.F.R. 416.924(a).
25          At step one, ALJ Burrichter concluded that claimant

1   had not engaged in substantial gainful activity since
2   June 1st of 2017, the application date.
3             At step two, the ALJ concluded that claimant
4   suffers from severe impairments that impose more than a
5   minimal functional limitation, specifically ADHD, adjustment
6   disorder, and oppositional defiant disorder.
7             At step three, ALJ Burrichter concluded that
8   claimant's impairment or combination of impairments do not
9   meet or medically equal the severity of one of the listed
10  impairments in 20 C.F.R. 404, Subpart P, Appendix 1, and the
11  ALJ focusing on Listing 112.04, that deals with depressive,
12  bipolar, and related disorders, also Listing 112.08, dealing
13  with personality and impulse control disorders, and Listing
14  112.11, dealing with mental disorder, childhood,
15  neurodevelopmental disorders.  Further, the ALJ found that
16  claimant does not have an impairment or combination of
17  impairments that functionally equals the severity of listings
18  found at 20 C.F.R. 416.924(d) and 416.926a.  More
19  specifically, the ALJ found that claimant (1) "has less than
20  marked limitation in acquiring and using information," (2)
21  "has marked limitation in attending and completing tasks,"
22  (3) "has less than marked limitation in interacting and
23  relating with others," (4) "has no limitation in moving about
24  and manipulating objects," (5) "has less than marked
25  limitation in the ability to care for himself," and (6) "has

1    no limitation in health and physical well-being."  As a
2    result, the ALJ found that claimant was not disabled as
3    defined in the Social Security Act since June 1st, 2017, the
4    date the application was filed.
5              Now as the parties know, the court's functional
6    role in this case is limited and extremely deferential.  I
7    must determine whether correct legal principles were applied
8    and whether the determination is supported by substantial
9    evidence, which is defined as such relevant evidence as a
10   reasonable mind would find sufficient to support a
11   conclusion.  As the Second Circuit noted in *Brault v. Social*
12   *Security Administration Commissioner* found at 683 F.3d 443, a
13   2012 case, the Second Circuit therein noted the standard is
14   demanding, more so than the clearly erroneous standard.  The
15   court, Second Circuit court that is, noted in *Brault* that
16   once there is a finding of fact, that fact can be rejected
17   only if a reasonable fact finder would have to conclude
18   otherwise.
19             Now in this case, the plaintiff raises one
20   contention.  Plaintiff asserts that the ALJ erred by failing
21   to properly evaluate two of the six functional domains as at
22   least marked limitations, including:  (1) acquiring and using
23   information, and (2) interacting and relating with others.
24             The Court's analysis in this case is as follows:
25   The Social Security Act does not require that the severity of

1   a child's impairment be of comparable severity to that of a
2   disabled adult.  See case *Jeffrey A. on behalf of J.M.A. v.*
3   *Saul*, that's found at 18-CV-195, and that is 2019 WL 3081092,
4   at *2.  And that is a Northern District of New York
5   July 15th, 2019 decision issued by Magistrate Judge Hummel.
6   And therein, it stands for the proposition, if the child has
7   "marked limitations" in two of the domains or an "extreme
8   limitation" in one domain, then the child's impairment is
9   functionally equivalent to a disability in the Listings.
10  Section 416.926a(d).  When a child has a marked limitation,
11  the "impairment(s) interferes seriously with [his] ability to
12  independently initiate, sustain, or complete activities.
13  [His] day-to-day functioning may be seriously limited when
14  [the] impairment(s) limits only one activity or when the
15  interactive and cumulative effects of [the] impairment(s)
16  limit several activities.  'Marked' limitation also means a
17  limitation that is 'more than moderate' but 'less than
18  extreme.'"  See 20 C.F.R. Section 416.926a(e)(2)(i).
19          Now in this case, I find substantial evidence
20  supports the ALJ assessment that claimant has less than a
21  marked limitation in acquiring and using information.  The
22  Court notes the following:  The ALJ noted that claimant has
23  an IEP and receives some academic accommodations but that he
24  also receives some instructions in the regular classroom
25  setting.  The ALJ also noted that plaintiff's IQ score was

1  not significantly reduced, but that his test scores indicate
2  that he is below grade level in reading, writing, and
3  mathematics.  I also note plaintiff argues that the ALJ did
4  "not properly recognize" that claimant had "already failed
5  the second grade twice," and I do note that plaintiff's
6  correction here in oral arguments, and the Court goes on to
7  state, however, the record does not support the assertion
8  that claimant failed the second grade twice.  Rather, the
9  record reflects that claimant entered second grade during the
10 2017 to 2018 school year, then transferred to another school
11 and was placed in the second grade again for the 2018-2019
12 school year.  Further, though, the ALJ was not required to
13 recite every piece of evidence that contributed to the
14 decision.  Moreover, plaintiff failed to show how evidence of
15 plaintiff repeating the second grade twice would support a
16 marked limitation in this domain.
17         The Court also notes the ALJ also did not err in
18 identifying that plaintiff's low-average IQ did not support a
19 greater limitation in this domain.  As defendant sets forth
20 in her brief, the issue before the court is whether
21 substantial evidence supports the ALJ's decision, which it
22 does.  The ALJ properly considered claimant's IEP, the need
23 for some special education during the day, his "not
24 significantly reduced" IQ, normal mental status examinations,
25 and daily activities.  Therefore, the evidence is sufficient

1   to support the ALJ's conclusion that claimant has less than a
2   marked limitation in acquiring and using information.
3              Next, I find that substantial evidence supports the
4   ALJ's assessment that plaintiff had less than a marked
5   limitation interacting and relating with others.  The Court
6   notes the following:  The ALJ considered that claimant
7   exhibited difficulty with social interaction, but also
8   considered that he had marked improvements with medications.
9   In addition to relying on the claimant's own statements that
10  he had a friend with whom he spent time, the ALJ relied on
11  claimant's resource room teacher, Ms. Mary Taylor, who "noted
12  that he was able to play cooperatively with other children in
13  a small setting[,] and he could make and keep friends in
14  small settings."  See transcript at page 22, citing
15  transcript record at 255.  Further, the ALJ considered that
16  Dr. Taylor and Dr. Alexander opined that claimant had "mild"
17  limitation in social behavior.  See transcript 18 through 19.
18  Although plaintiff highlights the favorable evidence, the ALJ
19  properly resolved conflicts in the record and supported his
20  conclusions with substantial evidence.  Moreover, I find that
21  there was not a gap in the record nor an inadequate record,
22  which would have inhibited the ALJ from making a
23  determination.  Thus, the ALJ was not obliged to further
24  develop the record.
25             Based on all of this, and as a result, the Court

1    therefore rules that plaintiff's motion for judgment on the
2    pleadings is denied; defendant's motion for judgment on the
3    pleadings is granted; plaintiff's complaint is dismissed; and
4    the Commissioner's decision denying plaintiff benefits is
5    hereby affirmed.
6              As I indicated, the Court will set forth in the
7    docket a summary order, I will attach to that a transcript of
8    the decision that I just rendered here on the record.
9              All right, everyone, that constitutes the decision
10   of the Court, I wish everyone a good rest of the day and a
11   nice upcoming weekend, and otherwise, court stands adjourned.
12   Thank you all.
13             MR. HASSELER:  Thank you, your Honor.
14             MS. STEWART:  Thank you, your Honor.
15                  (Proceedings Adjourned, 1:25 p.m.)

```
1                CERTIFICATE OF OFFICIAL REPORTER

2

3

4        I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

5    Official Realtime Court Reporter, in and for the

6    United States District Court for the Northern

7    District of New York, DO HEREBY CERTIFY that

8    pursuant to Section 753, Title 28, United States

9    Code, that the foregoing is a true and correct

10   transcript of the stenographically reported

11   proceedings held in the above-entitled matter and

12   that the transcript page format is in conformance

13   with the regulations of the Judicial Conference of

14   the United States.

15

16                    Dated this 24th day of March, 2022.

17

18

19                              /S/ JODI L. HIBBARD

20                              JODI L. HIBBARD, RPR, CRR, CSR
                                Official U.S. Court Reporter
21

22

23

24

25
```